ACCEPTED
03-13-00403-CR
5537647
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/3/2015 8:30:53 PM
JEFFREY D. KYLE
CLERK

03-13-00403-CR

| | | |
|---|---|---|
| JOSEPH TIMOTHY SHIMKO | § | IN THE THIRD |
| | | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS |
| v. | § | COURT OF APPEALS |
| | | 6/3/2015 8:30:53 PM<br>JEFFREY D. KYLE<br>Clerk |
| THE STATE OF TEXAS | § | AUSTIN, TEXAS |

## MOTION FOR *EN BANC* RECONSIDERATION

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW Joseph Timothy Shimko, Appellant in the above-styled and numbered cause, by and through his undersigned counsel, and respectfully moves this Court for *en banc* reconsideration. In support thereof, and pursuant to TEX. R. APP. PROC. 49.7, Appellant would show as follows:

### I.

The memorandum opinion provides an accurate rendition of the factual background of this case:

> On September 12, 2012, at 2:30 a.m., Deputy Ford was outside a pub assisting other officers on an unrelated call. Deputy Ford saw Scott Williamson staggering in the parking lot and determined that he was intoxicated. Williamson said he had a ride home, so the officers decided not to arrest him for public intoxication and had him sit on the curb to wait for his ride. Deputy Ford saw a vehicle circling the parking lot once or twice and pointed it out to Williamson, who indicated that the vehicle was his ride home.
>
> The vehicle passed Deputy Ford and Williamson, so Deputy Ford flagged it down. Deputy Ford could not remember whether he yelled at the driver or made some type of gesture. According to Deputy Ford, he signaled to the vehicle to ascertain whether the driver was Williamson's

ride, and if the driver had ignored his signal and driven off, Deputy Ford would not have pursued the vehicle. However, the driver did stop, and when Deputy Ford approached the vehicle to inform the driver, [Appellant], that Williamson was sitting on the curb, he smelled the odor of alcohol. Deputy Ford then asked [Appellant] to exit the vehicle and began an investigation for driving while intoxicated.

> *Shimko v. State*, No. 03-13-00403-CR, slip op. at 2 (Tex. App.—Austin, delivered August 29, 2014) (mem. op., not designated for publication).

On appeal, Appellant argued that he was unlawfully detained by Deputy Ford, who lacked reasonable suspicion. *See* Appellant's Br., at 8-12. Meanwhile, the State argued that Appellant's initial interaction with Deputy Ford constituted a mere encounter. *See* State's Br., at 5-11. Despite the trial court's legal conclusion that the community-caretaking exception validated the detention of Appellant, the State did not rely upon this exception at all in its briefing, while Appellant only mentioned its inapplicability in a footnote. *See* State's Br., at 5-11; *see also* Appellant's Br., at 8 n. 1

Ultimately, this Court held that the community-caretaking exception validated Appellant's detention because Deputy Ford was primarily motivated by a community-caretaking purpose. *Shimko*, slip op., at 6-7.

## II.

This Court should grant this motion for *en banc* reconsideration because the memorandum opinion broadens the community-caretaking exception beyond the scope that it has previously been applied in case-law precedent. While the community-

caretaking exception has been employed to validate the detention of a person who the officer reasonably believes is in need of assistance, the exception has never before been applied to validate the seizure of a person who is completely separated from the one who is in need of such assistance.

The leading case on the community-caretaking exception is *Corbin v. State*, 85 S.W.3d 272 (Tex. Crim. App. 2002). In *Corbin*, the police officer observed the defendant's vehicle drive on the shoulder of the road for approximately twenty feet before returning to its lane of traffic. 85 S.W.3d at 274-75. The officer subsequently followed the defendant for about a mile, but he did not observe any traffic violations or indications that the defendant was intoxicated or fatigued. *Id.*, at 275. Even so, the officer testified that he was concerned that the defendant might be in need of assistance due to intoxication or fatigue. *Id.* On appeal, the Court of Criminal Appeals considered whether the community-caretaking exception validated the detention of the defendant.

According to the Court of Criminal Appeals, "[a]s part of an officer's duty to 'serve and protect,' an officer 'may stop and assist an individual whom a reasonable person, given the totality of the circumstances, would believe *is in need of help*.'" *Id.*, at 276 (emphasis in original). "Once it is determined that an officer is primarily motivated by the community-caretaking function, it must then be determined whether the officer's belief that the defendant needs help is reasonable." *Id.*, at 277. In

evaluating the reasonableness of the officer's belief, courts look to the following non-exclusive factors: (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether the individual was alone and/or had access to assistance other than the officer; and (4) to what extent the individual presented a danger to himself or others if left unassisted. *Id*.

Notably, the above factors are considered with respect to the individual who allegedly needs assistance. The reviewing court ultimately determines whether these factors justify the detention of the individual whom the officer believes needs such assistance: "…the purpose of the community caretaking exception is to allow an officer to 'seize' and assist an individual whom he reasonably believes is in need of help…" *Id*. Ultimately, the Court held that the above factors did not validate the detention of the defendant in *Corbin*. *Id*., at 278.

Likewise, in *Wright v. State*, 7 S.W.3d 148 (Tex. Crim. App. 1999), the community-caretaking exception was considered with respect to the detention of the person who exhibited signs of distress. In that case, the officer observed the defendant vomiting out of an open rear window of a moving vehicle. *Wright*, 7 S.W.3d at 149-50. The officer stopped the vehicle in order to investigate whether the defendant needed assistance. *Id*., at 150.

In support of its holding in the case at bar, this Court cited *Gonzales v. State*, 369 S.W.3d 851 (Tex. Crim. App. 2012). In that case, the defendant stopped his vehicle in a remote area, and the officer believed he might need assistance. *Gonzales*, 369 S.W.3d at 853. The Court of Criminal Appeals held that the seizure of the defendant was valid under the community-caretaking exception because it was reasonable to believe that he needed assistance. *Id.*, at 855-57.

Similarly, in *King v. State*, which was cited by this Court in its memorandum opinion, the Dallas court of appeals found that the community-caretaking exception validated the seizure of the individual who exhibited signs of distress. *See King v. State*, No. 05-13-00178-CR, 2014 WL 2807993, at *5 (Tex. App.—Dallas June 18, 2014, no pet.) (mem. op., not designated for publication). Neither *King* nor any of the above-cited cases supports the legal proposition that an officer may employ the community-caretaking exception to seize a non-distressed person.

The above cases demonstrate that the community-caretaking exception applies to the seizure of a person who the officer reasonably believes needs assistance. However, the memorandum opinion in this case broadens the scope of the doctrine in a manner that would allow officers to detain individuals who are not exhibiting any signs of distress. According to this Court's opinion, Appellant was validly detained merely because the deputy was primarily motivated by his desire to assist a completely

5

separate person (Scott Williamson), who was intoxicated in a parking lot. However, this Court cites no law, and undersigned counsel has found none, that creates a precedent for detaining anyone other than the person who exhibits signs of distress. Considering that this Court did not designate its opinion for publication, it likely did not intend to create new law by broadening the scope of the community-caretaking exception.

Of course, if the distressed individual is vomiting out of the passenger window of a moving vehicle, as in *Wright*, the police can employ the community-caretaking exception to stop that vehicle. This seizure is a necessary predicate to seizing the distressed individual. If the officer observes signs of intoxication from the driver during this seizure of the vehicle, the officer may be able to validly seize the driver, as well. However, that scenario stands in stark contrast to the case at bar. Here, seizing Appellant's vehicle was not necessary in order to effect the seizure of a distressed individual. Rather, the distressed individual (Williamson) had already been seized.

In conclusion, this Court improperly employed the community-caretaking exception to validate the seizure of Appellant, who was not exhibiting any signs of distress. As a result, this Court should grant this motion for *en banc* reconsideration. Because reasonable suspicion did not support Appellant's detention, this Court should reverse the trial court's judgment denying the motion to suppress evidence.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the foregoing motion be GRANTED.

Respectfully submitted,

/s/ Christopher M. Perri_____
Christopher M. Perri
1504 West Ave.
Austin, Texas 78701
(512) 917-4378
Fax No. (512) 474-8252
State Bar Number: 24047769
chris@chrisperrilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for En Banc Reconsideration was electronically transmitted to Giselle Horton, Assistant Travis County Attorney, via the electronic filing manager, on this the 3rd day of June, 2015.

/s/ Christopher M. Perri_____
Christopher M. Perri

## CERTIFICATE OF COMPLIANCE

This is to certify that the above Appellant's Motion for En Banc Reconsideration complies with the length requirements of TEX. R. APP. PROC. 9(i)(2)(D) because it contains 1,545 words.

/s/ Christopher M. Perri_____
Christopher M. Perri